USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 17 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HENRY VARGAS,

                           Plaintiff,              13 Civ. 4699 (KBF)

      -v-                                     MEMORANDUM
                                            DECISION & ORDER
CARL E. PERSON,

                         Defendant.

------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

    Before the Court is defendant Carl E. Person's unopposed motion to dismiss the complaint filed by pro se plaintiff Henry Vargas pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13.) For the following reasons, defendant's motion is GRANTED and this action is DISMISSED due to a lack of subject matter jurisdiction.

I.    BACKGROUND

    The following facts are as alleged in the complaint (ECF No. 2), and the Court assumes them to be true for purposes of this motion.

    At the time of plaintiff's complaint, he was incarcerated at the Watertown Correctional Facility in Watertown, New York. (Compl. ¶ 1.) Plaintiff claims that he is a resident of Kissimmee, Florida. (Id. ¶ 2.) Exhibit A to the complaint states that plaintiff's address is located in New York, New York. (Id. Ex. A, at JA-75.) Defendant is a resident of New York, New York. (Id. ¶ 2.)

Plaintiff alleges that, at the time of the events described in the complaint, he was president and sole shareholder of four New York state corporations. (Id. ¶ 3.) In that capacity, he executed a promissory note and mortgage for $8 million made out to CFA, a lender, that were secured by plaintiff and his corporations. (Id. ¶ 9.) Plaintiff received a $9 million mortgage refinance commitment issued by Dime Savings Bank and Meridian Capital Group, LLC to satisfy that mortgage. (Id. ¶ 10.) Plaintiff asserts that he and his father allowed defendant to negotiate on their behalf and represent them in an agreement with CFA ("the Agreement"). (Id. ¶ 11.) According to plaintiff, defendant later fraudulently informed Dime and Meridian that plaintiff had no authority over the four corporations. (Id. ¶ 18.) Defendant then cancelled the Dime deal, filed a Chapter 11 petition, and commenced a false representation proceeding on behalf of plaintiff's father to declare the note and mortgage invalid and unenforceable. (Id. ¶¶ 19, 21, 22.) Plaintiff alleges that defendants' actions damaged his name and reputation, hindered him from obtaining any new mortgage refinance deals, and caused him to lose his properties to CFA through foreclosure. (Id. ¶ 33.)

Plaintiff's complaint alleges fraud, legal malpractice, and punitive damages, and demands $87,600,000 in actual and punitive damages. (Compl. ¶¶ 35–61.) The only basis for jurisdiction on the face of the complaint is 28 U.S.C. § 1332(a)(1), which provides this Court with subject matter jurisdiction over civil actions between citizens of different states. (Id. ¶ 6.)

On October 30, 2013, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 14.) Plaintiff's opposition or an amended complaint was due on December 2, 2013. (ECF No. 11.) On November 25, 2013, January 17, 2014, and February 19, 2014, plaintiff obtained extensions from the Court to oppose the motion or to amend his complaint. (ECF Nos. 16, 19, 20.) On February 28, 2014, the Court denied plaintiff's request for a fourth extension. (ECF No. 22.) On March 7, 2014, the Court warned plaintiff that if he filed no opposition by March 13, 2014, the Court would deem plaintiff's motion unopposed. (ECF No. 23.) Plaintiff failed to file an opposition or amended complaint by March 13. Therefore, the Court deems the motion unopposed.

II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim where the Court lacks subject matter jurisdiction. 28 U.S.C. § 1332 confers this Court with subject matter jurisdiction over actions between "citizens of different States." "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Herrick Co. v. SCS Commc'ns, Inc., 215 F.3d 315, 322 (2d Cir. 2001).

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a

3


claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. In applying that standard, the Court "must accept as true all of the allegations contained in a complaint," but does not credit "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Accordingly, the Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation marks omitted). However, even a pro se complaint must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fuentes v. Tilles, 376 F. App'x 91, 92 (2d Cir. 2010) (alterations omitted).

In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall v. Pataki, 232 F.3d 231, 323–24 (2d Cir. 2000) (internal citation omitted).

III.   DISCUSSION

The Court lacks subject matter jurisdiction over this action. 28 U.S.C. § 1332 confers subject matter jurisdiction in this Court over actions between "citizens of different States." Here, defendant is indisputably a citizen of New York, and plaintiff's complaint does not allege that plaintiff is a citizen of a state other than New York; therefore, diversity of citizenship is lacking.

"It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996). "[W]hether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998.)

On July 3, 2013, when he filed the complaint, plaintiff was incarcerated at the Watertown Correctional Facility located in Watertown, New York. (Compl. ¶ 1.) Plaintiff's present address is in the Bronx, New York. (ECF No. 19.) Furthermore, the Agreement dated December 5, 2008 states that plaintiff's address at the time was 140 West 111th Street in New York, New York. (Compl. Ex. A, at JA-75.) It is undisputed that defendant resides in New York and that New York is his domicile. (Compl. ¶ 2.)

The Court is mindful that plaintiff's complaint alleges, without further elaboration, that he is a "resident" of the City of Kissimmee and the State of Florida. (Compl. ¶ 1.) Plaintiff has also proffered a Florida driver's license showing

5

an address in Kissimmee, Florida with a renewal date of May 8, 2010 and an expiration date of February 23, 2018. (ECF No. 20.) However, even if the Court accepted as true that plaintiff is a resident of Florida, that is insufficient. It is "clear that a statement of the parties' residence is insufficient to establish their citizenship." Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) ("The complaint . . . describes the three individual plaintiffs only as 'residents' of either New York or Wyoming.").

Rather, "[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos, 157 F.3d at 948 (emphasis added). Plaintiff has made no showing of a domicile in Florida. His address at the time of filing his complaint in 2013 was in New York; his address on the Agreement in 2008 was in New York; and his current address is in New York. The simple statement that he is a "resident of the City of Kissimmee and State of Florida," without a showing of his intention to return to and remain in Florida, is insufficient. Given the evidence on this motion, plaintiff's complaint does not raise the plausibility of diversity of citizenship here "above the speculative level." Twombly, 550 U.S. at 555.

The Court is mindful that "a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile." Fermin v. Moriarty, No. 96 Civ. 3022 (MBM), 2003 WL 21787351, at *2 (S.D.N.Y. Aug. 4, 2003). Nonetheless,

plaintiff has made no showing, despite his numerous opportunities, of his preincarceration domicile. As set forth above, domicile is defined with reference not only to "residence" but also to the person's "intention to remain" in a given location. Linardos, 157 F.3d at 948. Plaintiff has shown neither with respect to Florida.

For these reasons, defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED. The Court therefore need not reach defendant's alternative argument pursuant to Fed. R. Civ. P. 12(b)(6).[1]

IV.  CONCLUSION

For these reasons, defendant's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED.

The Second Circuit has instructed that a "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Here, however, plaintiff has already had numerous opportunities to oppose defendant's motion to dismiss on the basis of improper jurisdiction or to amend his complaint to rectify its deficiencies. Defendant filed his motion to dismiss on October 30, 2013. (ECF No. 14.) Despite three extensions over

---

[1] It also appears that the complaint fails to plead the elements of fraud. "The elements of fraud under New York law are: [1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009) (internal quotation marks omitted). Even accepting as true that plaintiff was indeed president and sole shareholder of the corporations in question, plaintiff has not alleged that defendant misrepresented facts to plaintiff (as opposed to plaintiff's father or CFA), or that plaintiff relied on any such misrepresentations.

7

the course of several months (ECF Nos. 16, 19, 20), plaintiff failed to file an opposition or to amend his complaint.

Accordingly, plaintiff's complaint is DISMISSED. The Clerk of Court is directed to close the motion at ECF No. 13 and to terminate this action.

SO ORDERED.

Dated: New York, New York
March 14, 2014

_____
KATHERINE B. FORREST
United States District Judge

CC:
Henry Vargas
c/o Rosalynn Vargas
645 Faile Street, Apt. B
Bronx, NY 10474
PRO SE